IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY DAVIS, | ) | |
| On Behalf of Himself and All Others | ) | JURY TRIAL DEMANDED |
| Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case no.: |
| | ) | |
| **CAPITAL ONE HOME LOANS, LLC** | ) | |
| **and CAPITAL ONE, NATIONAL** | ) | |
| **ASSOCIATION** | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
Collective Action under §216(b) of FLSA

Plaintiff Jeffrey Davis, on behalf of himself and all others similarly situated, by and through counsel, for his Original Complaint against Defendants Capital One Home Loans, LLC and Capital One, National Association (collectively as "Defendants") states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Jeffrey Davis is a former Mortgage Loan Officer for Defendants. He sold mortgages to individual customers primarily over the telephone. Defendants first treated him and other Mortgage Loan Officers as exempt employees and did not pay them overtime. Defendants then treated Plaintiff and other Mortgage Loan Officers as hourly non-exempt employees, but refused to pay them overtime for all hours worked over 40 per week. The job duties of Plaintiff and the other Mortgage Loan Officers did not change during this time period. Defendants operate and/or operated retail mortgage branches nationwide.

1

2. This is a collective action brought by Individual and Representative Plaintiff Jeffrey Davis on his own behalf and on behalf of the proposed collective and any sub-collectives. Plaintiff and the putative collective members are or were employed by Defendants as "mortgage loan officers," "senior mortgage loan officers," "loan officers," "mortgage loan originators," and in other similar mortgage origination jobs, and were denied overtime compensation as required by federal and states wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. The FLSA Collective is made up of all persons who are, have been, or will be employed by Defendants as "mortgage loan officers," "senior mortgage loan officers," "loan officers," "mortgage loan originators," and in other similar mortgage origination jobs (collectively as "Mortgage Loan Officers"), within the United States at any time within the last three years through the date of final disposition of this action (the "Collective Period").

4. During the Collective Period, Defendants failed to pay minimum wages and/or overtime compensation to each member of the respective collective as required by federal and state law. Plaintiff seeks relief for the FLSA Collective under the FLSA to remedy Defendants' failure to pay all wages due, pay appropriate minimum wages and/or overtime compensation, and maintain and distribute accurate time records, in addition to injunctive relief.

5. Defendants' policy and practice is to deny earned wages including overtime pay to its Mortgage Loan Officers. In particular, Defendants require these employees to perform work in excess of forty (40) hours per week, but fails to pay them minimum wages and/or

overtime.

6. Defendants' deliberate illegal treatment of its Mortgage Loan Officers which denies them minimum wages and/or overtime compensation results in Defendants violating the FLSA.

7. Plaintiff will add Rule 23 claims under state wage and hour laws as this case progresses.

## PARTIES

8. Plaintiff Jeffrey Davis currently resides in the Dallas, Texas area. Defendants employed Plaintiff Davis as a Mortgage Loan Officers from approximately November 2014 through October 2015 at Defendants' offices located in Plano, Texas.  Plaintiff's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

9. Defendant Capital One Home Loans, LLC is a Delaware limited liability company with its principal office located in Overland Park, Kansas.  Defendant Capital One Home Loans, LLC does/did business in this judicial district and nationwide thru the internet and other media.

10. Defendant Capital One, National Association is a Louisiana financial institution with its principal office located in McLean, Virginia.  Defendant Capital One, National Association does/did business in this judicial district and nationwide thru the internet and other media. Defendant Capital One Home Loans, LLC is a wholly owned subsidiary of Defendant Capital One, National Association.

## JURISDICTION AND VENUE

*11.* This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

12. The United States District Court for the Northern District of Texas has personal

jurisdiction because Defendants conduct/conducted business within this District.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants have offices, conducts business, and can be found in the Northern District of Texas, and the causes of action set forth herein have arisen and occurred in part in the Northern District of Texas. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the state of Texas.

## FACTUAL ALLEGATIONS

14. "Capital One is a diversified bank that offers a broad array of financial products and services to consumers, small businesses and commercial clients.  A Fortune 500 company, Capital One has one of the most widely recognized brands in America.  As one of the nation's top 10 largest banks based upon deposits, Capital One serves banking customers through branch locations primarily in New York, New Jersey, Texas, Louisiana, Maryland, Virginia, and the District of Columbia." *See* Capital One website: https://www.capitalone.com/about/who-we-are.

15. Defendants recently announced that they would exit the mortgage and home equity business.  *See* https://www.dallasnews.com/business/economy/2017/11/07/capital-one-shutter-home-loan-division-call-center-plano.

16. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiff and all similarly situated employees. At all relevant times, Defendants have had gross operating

4

       revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

17. Defendants paid Plaintiff and other Mortgage Loan Officers on a draw against commission basis. As a result, Defendants recaptured any minimum wage and/or overtime compensation paid to Plaintiff and other Mortgage Loan Officers which essentially resulted in Defendants paying them on a commission only basis.

18. By way of example, Plaintiff began working for Defendants in November 2014. Defendants did not pay him minimum wages and/or overtime compensation despite the fact that he routinely worked over eight hours per day and more than 40 hours per week. Defendants also offset any minimum wage payments to Plaintiff from his commissions.

19. Defendants did not require Plaintiff and the other Mortgage Loan Officers to utilize any timekeeping system during this time period.

20. Defendants subsequently changed Plaintiff and the other Mortgage Loan Officers to hourly, non-exempt employees whose hourly pay was a draw against their commissions.

21. Defendants then ostensibly used a timekeeping system for Plaintiff and the other Mortgage Loan Officers.

22. Defendants, however, refused to allow Plaintiff and other Mortgage Loan Officers to record all of their overtime hours such that Defendants failed to pay them all of the legally required minimum wages and/or overtime compensation.

23. Defendants also offset any overtime compensation paid to Plaintiff and other Mortgage Loan Officers from their paid commissions.

24. Defendants uniformly applied its payment structure to all Mortgage Loan Officers.

25. Defendants suffered and permitted Plaintiff and other Mortgage Loan Officers to work

more than forty hours per week without minimum wages and/or overtime compensation for all hours worked. For example, Plaintiff and other Mortgage Loan Officers regularly worked at least five days a week. They usually began work in the early morning. In addition, Plaintiff and other Mortgage Loan Officers regularly worked into the evenings and on the weekends, causing their hours worked to exceed forty in a week on a regular basis.

26. For example, while a Mortgage Loan Officer, Plaintiff's schedule fluctuated from day-to-day. His regular schedule had her working Mondays through Fridays, generally from 8:30 am until 5:00 pm. Additionally, Plaintiff worked at least five (5) to six (6) weekend days every month. Plaintiff also performed additional hours of work each week using his mobile device to send and receive business-related emails, texts, and/or phone calls. As such, during this time period, Plaintiff's regular schedule had him working an average of at least 60 hours per week.

27. As further example, for the week beginning June 7, 2015, Plaintiff worked approximately 65 hours that week as a Mortgage Loan Officer for Defendants performing duties which included taking loan applications and collecting required documents for loan processing. Defendants, however, failed to pay him overtime compensation for his approximately 25 hours of overtime work for that week.

28. Defendants knew Plaintiff and other Mortgage Loan Officers worked more than forty hours in a week because Defendants expected Plaintiff and Mortgage Loan Officers to be available to receive phone calls and answer emails – from customers, realtors and from Defendants' management employees – in the evenings and on weekends. Also, for example, Plaintiff and other Mortgage Loan Officers were expected to timely respond to

leads after receiving them. Plaintiff sometimes received these leads in the evenings and on the weekends. Plaintiff and on information and belief other Mortgage Loan Officers told Defendants' management employees that they were working more than forty hours per week without payment for minimum wages and/or overtime compensation.

29. Defendants uniformly denied Plaintiff and other Mortgage Loan Officers minimum wages and/or overtime pay.

30. In reality, Plaintiff and other Mortgage Loan Officers are and were non-exempt sales employees who are and were entitled to minimum wages and /or overtime pay for all hours worked.

31. Defendants are/were in the business of selling mortgages.

32. Plaintiff and the other Mortgage Loan Officers had the same primary duty of selling loan products.

33. Plaintiff and other Mortgage Loan Officers are and were non-exempt sales employees who are and were entitled to minimum wages and/or overtime pay.

34. Plaintiff and other Mortgage Loan Officers did not customarily and regularly make sales at their customers' home or place of business.

35. Instead, Plaintiff and other Mortgage Loan Officers regularly made sales over the phone, via the internet, or in person at Defendants' offices.

36. Plaintiff and other Mortgage Loan Officers did not regularly supervise the work of two or more employees.

37. Plaintiff and other Mortgage Loan Officers did not exercise discretion and independent judgment as to matters of significance.

38. Plaintiff and other Mortgage Loan Officers did not perform office work related to

Defendants' general business operations or its customers.

39. Plaintiff and other Mortgage Loan Officers had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

40. Defendants do not require Plaintiff and other Mortgage Loan Officers to have a college degree to obtain a Mortgage Loan Officer job.

41. All Mortgage Loan Officers are similarly situated in that they share common job duties and descriptions, Defendants treated them as exempt and non-exempt employees at relevant times, and were all subject to Defendants' policy and practice that treated them as commission only employees, and they all performed work without minimum wages and/or overtime compensation for all hours worked.

42. Defendants did not keep accurate records of the hours Plaintiff and other Mortgage Loan Officers worked. Because Defendants did not pay Plaintiff and other Mortgage Loan Officers for all the hours they worked, including overtime hours, Defendants' wage statements did not accurately reflect all hours Plaintiff and other Mortgage Loan Officers worked.

43. Defendants did not provide Plaintiff and the other Mortgage Loan Officers with paychecks and/or accurate paychecks.

44. Defendants did not pay Plaintiff and other Mortgage Loan Officers for all of their minimum wages and/or overtime hours. Accordingly, Defendants did not provide Plaintiff and other Mortgage Loan Officers with all compensation owed to them, including their unpaid overtime, at the time they separated from the company.

45. Defendants are aware of wage and hour laws, as evidenced by the fact that they provide

minimum wage and overtime compensation to other employees who are not Mortgage Loan Officers. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found mortgage loan officers to be non-exempt entitled to be paid minimum wage and/or overtime compensation for all hours worked.

46. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and other Mortgage Loan Officers.

### FLSA Collective

47. Plaintiff brings Count I on behalf of himself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

    All persons who are, have been, or will be employed by Defendants as "Mortgage Loan Officers" "Mortgage Loan Originators," "Senior Mortgage Loan Officers," and other individuals who originated loan products with similar job titles within the United States at any time during the last three years through the entry of judgment in this case ("FLSA Collective").

    Plaintiff will subgroup the FLSA Collective as necessary for certification and/or litigation purposes.

48. Upon information and belief, Defendants paid Plaintiff and the FLSA Collective essentially on a commission basis because Defendants offset any minimum wage and/or overtime compensation from their commissions, and suffered and permitted them to work more than forty hours per week without minimum wages and/or overtime compensation.

49. Defendants' draw against commission pay plan and failure to pay for work hours over 40 per week is a uniform policy, decision, and/or plan that applies to all Mortgage Loan Officers.

50. Accordingly, Plaintiff and the FLSA Collective were subject to Defendants' policy,

decision, and/or plan of failing to pay appropriate minimum wages and/or overtime compensation.

51. Another former Mortgage Loan Officer has already joined this case and his consent to join form is attached as an exhibit.

52. Defendants' unlawful FLSA conduct has been widespread, repeated. and consistent.

53. Upon information and belief, Defendants knew that Plaintiff and the FLSA Collective performed work that required minimum wages and/or overtime pay. Defendants required them to work long hours and weekends without the proper pay, Plaintiff and/or those similarly situated complained to Defendants about these practices, and it is common industry knowledge that loan officers are non-exempt employees who must be paid for all hours worked. Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

54. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

55. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated, current and former employees of Defendants who have been denied minimum wages and/or overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## COUNT I
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT Minimum Wage and Overtime Claims

56. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

57. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at the applicable minimum wage for all hours worked up to forty hours per week, and a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

58. Plaintiff and the FLSA Collective are entitled to be paid minimum wages and/or overtime compensation for all hours worked.

59. Defendants, pursuant to their policies and practices, failed and refused to pay minimum wages and/or overtime premiums to Plaintiff and the FLSA Collective for all of their hours worked.

60. Defendants violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to compensate Plaintiff and the FLSA Collective for all minimum wages and/or overtime compensation.

61. By failing to record, report, and/or preserve accurate records of hours worked by Plaintiff and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

62. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Plaintiff, on behalf of himself and the FLSA Collective, seek damages in the amount of all respective unpaid minimum wages at the applicable rate and overtime compensation

at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

64. Plaintiff, on behalf of himself and the FLSA Collective seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, on behalf of himself and all members of the FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. A declaration that Defendants are financially responsible for notifying the FLSA Collective of their alleged wage and hour violations;

C. Judgment against Defendants for an amount equal to Plaintiff's and the FLSA Collective's unpaid minimum and/or overtime wages at the applicable rates;

D. A finding that Defendants' conduct was willful;

E. An equal amount to the minimum and/or overtime wages as liquidated damages;

F. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

G. Pre-judgment and post-judgment interest, as provided by law;

H. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. Such further relief as the Court deems just and equitable.

## Demand for Jury Trial

Plaintiff, individually and behalf of all other similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated November 28, 2017

Respectfully submitted,

/s/ J. Derek Braziel
J. Derek Braziel, State Bar No. 00793880
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010
Email: jdbraziel@l-b-law.com


/s/ Rowdy B. Meeks
Rowdy B. Meeks*, Kansas Bar No.16068
**Rowdy Meeks Legal Group LLC**
8201 Mission Road, Suite 250
Prairie Village, Kansas 66208
Tel:  (913) 766-5585
Fax:  (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com

*pro hac vice motion forthcoming*

Attorneys for Plaintiff

**Certificate of Service**

      I hereby certify that a true and correct copy of the above was sent on November 28, 2017 pursuant to the service requirements of the ECF/CM for the Northern District of Texas which will notify all counsel of record.

                                            _/s/ Rowdy B. Meeks_____
                                            Rowdy B. Meeks, Attorney for Plaintiff