IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **JEFFREY DAVIS, on Behalf of Himself and All Others Similarly Situated,** § § § §<br><br>**Plaintiff,** § §<br>**V.** § §<br>**CAPITAL ONE HOME LOANS LLC and CAPITAL ONE NATIONAL ASSOCIATION,** § § § § §<br>**Defendants.** § | **CIVIL ACTION NO. 3:17-CV-03236-G** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendants Capital One Home Loans LLC and Capital One National Association ("Defendants" or "Capital One") hereby submit their Memorandum of Law in Support of their Motion for Summary Judgment against opt-in plaintiffs Deanne "D" Baron ("Baron"), Christopher Lunn ("Lunn"), Nicholas McKinney ("McKinney"), Eric Rounds ("Rounds"), and Justin Silberman ("Silberman") (collectively, "Opt-In Plaintiffs"), and respectfully show the Court as follows:

**I.
INTRODUCTION**

Plaintiff Jeffrey Davis has sued Defendants[1], purportedly on behalf of himself and other similarly situated former Capital One employees, for alleged violations the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff Davis has sought—and Defendants have

---

[1] Defendants deny that Capital One Home Loans LLC employed Plaintiff Davis or any of the putative class. For purposes of their Motion for Summary Judgment and this brief, Defendants use the terms "Defendants" or "Capital One" without distinction for ease of consideration of the underlying issue: Opt-In Plaintiffs inability to join this litigation because of Opt-In Plaintiffs' agreement to severance agreements containing binding and valid class and collective action waivers. Defendants will address Capital One Home Loans LLC status in this litigation in a subsequent pleading.

opposed—conditional certification of his class claims. While that issue remains pending, a small number of other former Capital One employees have signed written consents to opt into the litigation as plaintiffs, including Baron, Lunn, McKinney, Rounds, and Silberman.

Regardless of the ultimate determination of the pending motion for conditional certification, Opt-In Plaintiffs are foreclosed from joining the litigation. Each one executed a binding, valid severance agreement with Defendants that includes a clear and binding class and collective action waiver. In return for their promises and obligations in their severance agreements, including the class waiver, each Opt-In Plaintiff received good and valuable consideration from Defendants. Under binding Fifth Circuit precedent, therefore, Opt-In Plaintiffs may not participate in this lawsuit. In addition, McKinney last worked for Defendants more than three years before filing his opt-in and, therefore, his claims are barred by the applicable statute of limitations. Accordingly, Opt-In Plaintiffs' claims against Defendants should be dismissed in their entirety, and Opt-In Plaintiffs should be dismissed as parties from this lawsuit.

## II.
## STATEMENT OF UNDISPUTED FACTS

1. Since at least November 2014, Capital One regularly has offered severance agreements to employees when it terminates their employment for reasons other than the employees' misconduct, including in instances where it eliminates employees' roles or positions. Beardslee Dec. at 3, ¶ 13.

2. During that time, the offered severance agreements have included a class and collective action waiver provision providing:

> **Class or Collective Actions and Multi-Party Litigation Claims**
> If any claim is not subject to release, to the extent permitted by law, you waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multiparty action or proceeding based on such a claim in which Capita One or any of the other Released Parties is a party.

2

3. Opt-In Plaintiff Nicholas McKinney was employed by Capital One as a Mortgage Loan Officer-Retail from 2012 until December 5, 2013.  Beardslee Dec. at 2, ¶ 7, 3 , ¶ 13.

4. As a part of the termination of McKinney's employment with Capital One, he entered into an agreement, titled "Letter of Agreement," with Capital One.  Under the terms of that Letter of Agreement, Capital One agreed to pay McKinney a severance payment in exchange for certain agreements and representations from him.  Those agreements and representations included McKinney's agreement to not file or participate in class, collective, or multiparty litigation of any claims he might have or allege to have against the company.  Beardslee Dec. at 2, ¶ 7 plus Exhibit 3 thereto (such exhibit is referred to hereinafter, individually, as the "McKinney Agreement").

5. Capital One has honored its obligations to McKinney under that Letter of Agreement.  Beardslee Dec. at 2, ¶ 8.

6. Opt-In Plaintiff Deanne "D" Baron worked as a Capital One as a Mortgage Loan Officer-Retail from October 5, 2015 until December 15, 2017.  *See* Declaration of Robert Beardslee, attached as <u>Exhibit 1</u> hereto (hereinafter, "Beardslee Dec.") at 1, ¶ 3.

7. As a part of the termination of Baron's employment with Capital One, she entered into an agreement, titled "Letter of Agreement," with Capital One.  Under the terms of that Letter of Agreement, Capital One agreed to pay Baron a severance payment in exchange for certain agreements and representations from her.  Those agreements and representations included Baron's agreement to not file or participate in class, collective, or multiparty litigation of any claims she might have or allege to have against the company.  Beardslee Dec. at 1, ¶ 3 plus Exhibit 1 thereto (such exhibit is referred to hereinafter, individually, as the "Baron Agreement").

8. Capital One has honored its obligations to Baron under that Letter of Agreement. Beardslee Dec. at 2, ¶ 4.

9. Opt-In Plaintiff Christopher Lunn was employed by Capital One as a Senior Mortgage Loan Officer-Retail from January 10, 2005 until December 22, 2017. Beardslee Dec. at 2, ¶ 5.

10. As a part of the termination of Lunn's employment with Capital One, he entered into an agreement, titled "Letter of Agreement," with Capital One. Under the terms of that Letter of Agreement, Capital One agreed to pay Lunn a severance payment in exchange for certain agreements and representations from him. Those agreements and representations included Lunn's agreement to not file or participate in class, collective, or multiparty litigation of any claims he might have or allege to have against the company. Beardslee Dec. at 2, ¶ 5 plus Exhibit 2 thereto (such exhibit is referred to hereinafter, individually, as the "Lunn Agreement").

11. Capital One has honored its obligations to Lunn under that Letter of Agreement. Beardslee Dec. at 2, ¶ 6.

12. Opt-In Plaintiff Eric Rounds was employed by Capital One as a Mortgage Loan Officer-Retail from February 24, 2014 until December 19, 2017. Beardslee Dec. at 2, ¶ 9.

13. As a part of the termination of Rounds's employment with Capital One, he entered into an agreement, titled "Letter of Agreement," with Capital One. Under the terms of that Letter of Agreement, Capital One agreed to pay Rounds a severance payment in exchange for certain agreements and representations from him. Those agreements and representations included Rounds's agreement to not file or participate in class, collective, or multiparty litigation of any claims he might have or allege to have against the company. Beardslee Dec. at 2, ¶ 9 plus Exhibit 4 thereto (such exhibit is referred to hereinafter, individually, as the "Rounds Agreement").

14. Capital One has honored its obligations to Rounds under that Letter of Agreement. Beardslee Dec. at 2, ¶ 10.

15. Opt-In Plaintiff Justin Silberman was employed by Capital One as a Mortgage Loan Officer-Retail from February 3, 2014 until December 8, 2017. Beardslee Dec. at 3, ¶ 11.

16. As a part of the termination of Silberman's employment with Capital One, he entered into an agreement, titled "Letter of Agreement," with Capital One. Under the terms of that Letter of Agreement, Capital One agreed to pay Silberman a severance payment in exchange for certain agreements and representations from him. Those agreements and representations included Silberman's agreement to not file or participate in class, collective, or multiparty litigation of any claims he might have or allege to have against the company. Beardslee Dec. at 3, ¶ 11 plus Exhibit 5 thereto (such exhibit is referred to hereinafter, individually, as the "Silberman Agreement").

17. Capital One has honored its obligations to Silberman under that Letter of Agreement. Beardslee Dec. at 3, ¶ 12.

## III.
## ARGUMENT AND AUTHORITIES

Opt-In Plaintiffs entered into valid, binding severance agreements in which they agreed not to participate in collective actions in return for good and valuable consideration. As the Fifth Circuit recently held in *Convergys Corp. v. N.L.R.B.*, 866 F.3d 635, 639-50 (5th Circuit 2017), those agreements foreclose Opt-In Plaintiffs' participation in this litigation. Additionally, one of those Opt-In Plaintiffs is statutorily barred from raising FLSA claims, either collectively or individually, by his failure to meet the Act's statute of limitations.

**A.    Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Gates v. Tex. Dep't of Protective & Regulatory*

*Services*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Where a movant can show an absence of evidence necessary to prove one or more essential elements of a non-movant's claim or theory of recovery, summary judgment is appropriate. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n. 16 (5th Cir. 1994). When deciding a motion for summary judgment, the court must view all evidence in the light most favorable to the nonmoving party, and all must draw all reasonable inferences in the nonmoving party's favor. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).

**B.  Opt-In Plaintiffs Have Waived Their Right to Litigate their Claims as Part of a Class, Collective, or Multiparty Action**

Each of the five Opt-In Plaintiffs (Baron, Lunn, McCarthy, Rounds, and Silberman) executed a valid, enforceable agreement with Capital One containing a class and collective action waiver (collectively, these agreements are referred to hereinafter as the "Letters of Agreement"). To be valid and binding under Texas law, a contract must feature (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 555-56 (Tex.App. – Houston [14th] 2002, no pet.). Opt-In Plaintiffs' Letters of Agreement meet those criteria. Specifically, in return for their agreement to honor the clearly-stated promises and obligations in the Letters of Agreement, Opt-In Plaintiffs were offered, accepted, and received significant lump sum cash severance payments (for Baron, Lunn, Rounds, and Silberman, that lump sum was equivalent to 20 weeks' base pay; for McKinney, whose employment ended four years earlier, that lump sum was equivalent to 8 weeks' base pay)[2] and other benefits, including outplacement services. Consequently, Opt-In Plaintiffs must be bound by the terms of the agreements they executed.

---

[2] *See* Baron, Lunn, McKinney, Rounds, and Silberman Agreements at p. 1 (sections titled "Severance Pay").

The Letters of Agreement undisputedly include the obligation that Opt-In Plaintiff refrain from participating in collective actions like the current case. Specifically, they provide that:

> **Class or Collective Actions and Multi-Party Litigation Claims.[3]**
> If any claim is not subject to release, to the extent permitted by law, you waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Capital One or any of the other Released Parties is a party.

Since Defendants do not contend that the Letters of Agreements released and waived individual FLSA claims they might allege against Capital One, the class and collective action waiver applies and should be enforced.

As noted above, such provisions are enforceable under Fifth Circuit law. *See Convergys Corp. v. N.L.R.B.*, 866 F.3d 635, 639-40 (5th Cir. 2017). Here, Opt-In Plaintiffs retain the right to individually pursue an FLSA claim against Defendants to the extent otherwise timely. They, like the employee in *Convergys Corp.*, however, have waived their right to participate in this litigation by their valid and enforceable agreements to forego participation in collective actions. Accordingly, this Court should dismiss each of them from this lawsuit.

**C.  Opt-In Plaintiff Nicholas McKinney's FLSA Claims are Time-Barred, and Must Be Dismissed with Prejudice.**

With regard to Opt-In Plaintiff Nicholas McKinney, that dismissal must be with prejudice. The FLSA contains a maximum statute of limitations of 3 years from the time that an employee opts into the litigation. *See* 29 U.S.C. § 255(a); *Mohammadi v. Nwabuisi*, 605 Fed. Appx. 329, 332 (5th Cir. 2015). McKinney last worked for Capital One on December 5, 2013. He did not file his *Consent to Become a Party Plaintiff* [Docket No. 13] until December 11, 2017, a period of more than 4 years. Since McKinney did not work for Capital One within the maximum statute of

---

[3] *Id.* at p. 3. McKinney's Letter of Agreement, due to a typographical error in that section header, reads "Class or Collective Actions and Multi-Part Litigation Claims."

limitations period provided by the FLSA, his claims are barred by the FLSA's plain statutory language.

## IV.

## CONCLUSION

Opt-In Plaintiffs Deanne "D" Baron, Christopher Lunn, Nicholas McKinney, Eric Rounds, and Justin Silberman agreed that, in exchange for generous consideration they received from Capital One, they would not participate in any putative or certified class, collective, or multiparty FLSA action against Capital One. Their waiver of such rights was indisputably valid and precludes their participation as plaintiffs in this lawsuit as a matter of law. In addition, McKinney is precluded from participating in any FLSA lawsuit against Capital One; he indisputably failed to raise his FLSA claims within that Act's statute of limitations, and such claims are therefore "forever barred" as a matter of law.

For all of the foregoing reasons, Defendants Capital One Home Loans LLC and Capital One National Association pray that this Court enter an order (1) dismissing opt-in plaintiffs Deanne "D" Baron, Christopher Lunn, Eric Rounds, and Justin Silberman from this lawsuit; (2) dismissing the claims of opt-in plaintiff Nicholas McKinney with prejudice as untimely filed and therefore barred by the applicable statute of limitations, 29 U.S.C. § 255(a); and (3) awarding the Defendants all other and further relief to which they may be entitled as a result of those plaintiffs' failure to honor their contractual duties to Defendants, including without limitation all costs and fees incurred by Defendants in drafting and filing this motion.

Respectfully submitted,

By: */s/ Kevin M. Duddlesten*
Kevin M. Duddlesten
Texas Bar No. 00793644
MCGUIREWOODS LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: (214) 932-6400
Facsimile: (214) 932-6499
kduddlesten@mcguirewoods.com

W. Joseph Miguez
Texas Bar No. 24037107
MCGUIREWOODS LLP
816 Congress Ave., Suite 940
Austin, Texas 78701
Telephone: (512) 617.4524
Facsimile: (512) 617.4582
jmiguez@mcguirewoods.com

Christopher M. Michalik
Virginia Bar No. 47817*
Elizabeth P. Redpath
Georgia Bar No. 979358*
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-4343
Facsimile: (804) 225-5411
cmichalik@mcguirewoods.com
eredpath@mcguirewoods.com

**ATTORNEYS FOR DEFENDANTS**
**CAPITAL ONE HOME LOANS LLC and**
**CAPITAL ONE NATIONAL ASSOCIATION**

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2018, the foregoing document was duly served in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure as follows:

*Via Electronic Case Filing*
J. Derek Braziel
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 7522

*Via Electronic Case Filing*
Rowdy B. Meeks
ROWDY MEEKS LEGAL GROUP
8201 Mission Road, Suite 250
Prairie Village, Kansas 66208

*/s/ Kevin M. Duddlesten*
Kevin M. Duddlesten