UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY DAVIS, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:17-CV-3236-G |
| CAPITAL ONE HOME LOANS, LLC, ET AL., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court are two motions: (1) the motion of the plaintiff Jeffrey Davis ("Davis") for notice and conditional certification of his collective action claims brought under the Fair Labor Standards Act ("FLSA") (docket entry 30), and (2) the objections to and motion of the defendants Capital One Home Loans, LLC and Capital One, National Association (collectively, the "Capital One defendants") to strike from the record the sworn statements submitted by Davis in support of his motion for notice and for conditional certification (docket entry 37). For the reasons stated below, the plaintiff's motion is granted, and the defendants' motion is denied.

## I. BACKGROUND

The plaintiff, Davis, brought this FLSA collective action suit against his former employers, the Capital One defendants, in light of their alleged failure to pay him -- and other similarly situated individuals -- overtime for all hours worked over forty per week. Plaintiff's Original Complaint ("Complaint") ¶ 1 (docket entry 1). According to Davis, the Capital One defendants initially refused to pay overtime because they misclassified Davis -- and other employees with similar job descriptions -- as exempt from the FLSA's overtime requirement. *Id.* Then, Davis contends, after altering the status of the employees in question from exempt to non-exempt, the Capital One defendants still refused to pay overtime. *Id.*

Davis is a current resident of Dallas, Texas, and he was employed by the Capital One defendants as a mortgage loan officer in the Plano, Texas office from approximately November 2014 to October 2015. *Id.* ¶ 8; Defendants' Answer to Plaintiff's Complaint ("Answer") ¶ 8 (docket entry 23). The first of the two named defendants, Capital One Home Loans, LLC, is a Delaware limited liability company with its principal office located in Overland Park, Kansas. *Id.* ¶ 9. The second defendant, Capital One, National Association, is a Louisiana financial institution with its principal office located in McLean, Virginia. *Id.* ¶ 10. According to Davis's complaint, Capital Home Loans, LLC is a wholly owned subsidiary of Capital One, National Association. Complaint ¶ 10.

On November 28, 2017, Davis filed an original complaint in this court on behalf of himself and other similarly situated individuals. Complaint. Davis's original complaint references only one cause of action; specifically, Davis seeks unpaid overtime compensation on behalf of himself and similarly situated individuals pursuant to 29 U.S.C. § 216(b). *Id.* at 11; *see also* 29 U.S.C. § 216(b) ("Any employer who violates [the FLSA's minimum wage or overtime] provisions . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). As such, it appears that the court has federal question jurisdiction over this dispute. *See* 28 U.S.C. § 1331. On December 20, 2017, the court granted the Capital One defendants an extension of time to file an answer (docket entry 15), and on January 17, 2018, the Capital One defendants filed their answer to Davis's complaint. Answer.

On February 23, 2018, Davis filed the instant motion for notice and conditional certification. Plaintiff's Motion for Notice and FLSA Conditional Certification, and Brief in Support (docket entry 30). In compliance with the court's scheduling order dated March 6, 2018 (docket entry 33), the Capital One defendants filed their response to Davis's motion on April 9, 2018. Defendants' Response to Plaintiff's Motion for Notice and FLSA Conditional Certification and Brief in Support ("Defendants' Response") (docket entry 35); Amended Appendix to

Defendants' Response in Opposition to Plaintiff's Motion for Notice and FLSA Conditional Certification (docket entry 41). On the same day, the Capital One defendants also filed objections to and a motion to strike the declarations provided by Davis in support of his motion for notice and conditional certification. Defendants' Objections to and Motion to Strike the Plaintiff's Evidentiary Declarations ("Defendants' Motion") (docket entry 37).

Davis filed his reply to the Capital One defendants' response on April 23, 2018. Plaintiff's Reply in Support of his Motion for Notice and FLSA Conditional Certification ("Plaintiff's Reply") (docket entry 44); Plaintiff's Appendix to His Reply in Support of His Motion for Notice and FLSA Conditional Certification (docket entry 45). Shortly thereafter, on April 30, 2018, Davis also filed a response to the Capital One defendants' objection to and motion to strike. Plaintiff's Response to Defendants' Objections and Motion to Strike ("Plaintiff's Response") (docket entry 46); Plaintiff's Appendix to His Response to Defendants' Objections and Motion to Strike (docket entry 47). And on May 14, 2018, the Capital One defendants filed their reply. Defendants' Reply in Support of Their Objections to and Motion to Strike Plaintiff's Evidentiary Declarations (docket entry 50). The instant motions are now ripe for decision.

## II. ANALYSIS

### A. Notice and Conditional Certification in FLSA Collective Action Cases

Congress enacted the FLSA to provide each covered employee with "[a] fair day's pay for a fair day's work," and to protect them from "the evil of overwork as well as underpay." *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 333 (5th Cir. 2017) (quoting *Barrentine v. Arkansas-Best Freight Systems, Inc.*, 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). The FLSA mandates that covered employers pay wages to their employees of at least $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). The statute also mandates that covered employers not utilize employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

One provision of the FLSA, 29 U.S.C. § 216(b), provides that "[a]n action to recover the liability prescribed in [§ 216(b)] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike Rule 23 of the Federal Rules of Civil Procedure, a collective action maintained under the FLSA is pursued as an opt-in class. *Compare* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."),

*with* FED. R. CIV. P. 23(c)(2)(B) (requiring that the notice to class members include a statement "that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded"); see also *Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) ("Rule 23(c) provides for 'opt out' class actions. [The] FLSA . . . allows as class members only those who 'opt in.'"). Collective actions under the FLSA are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding of "common issues of law and fact arising from the same alleged . . . activity." See *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

The Fifth Circuit has previously recognized two methods by which certification of an FLSA class can be approved. See *Mooney v. Aramco Services Company*, 54 F.3d 1207, 1213-14 (5th Cir. 1996), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The first approach requires a class certification process similar to that of Rule 23. See *id.* at 1214; *Shushan v. University of Colorado at Boulder*, 132 F.R.D. 263, 266-67 (D. Colo. 1990). Under this approach, class certification under the FLSA is identical to certification of a Rule 23 class. See *Shushan*, 132 F.R.D. at 266-67. That is, to certify a FLSA class the plaintiff must establish numerosity, commonality, typicality, and representativeness. *See* FED. R. CIV. P. 23(a). Importantly, the Rule 23 approach places the burden on the plaintiff

to establish that the potential class members are "similarly situated" under the language of § 216(b) prior to notice being sent to the potential class members.

The second approach recognized by the Fifth Circuit has come to be known as the two-stage certification process. See *Mooney*, 54 F.3d at 1213. This approach satisfies the "similarly situated" requirement of § 216(b) with a two-stage analysis: (1) the notice stage; and (2) the certification stage. See *id.* at 1213-14. At the notice stage, the inquiry by the court is considerably less rigorous than the court's initial inquiry under the Rule 23 approach. See *id.* at 1214 ("[T]his determination is made using a fairly lenient standard . . ."); see also *Zachary v. Cobalt Mortgage, Inc.*, No. 4:16-CV-00754, 2017 WL 1079374, at *2 (E.D. Tex. Mar. 22, 2017) ("Because the Court has minimal evidence before it at [the notice] stage, the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan.") (internal quotation marks and citation omitted). "[T]he district court makes a decision -- usually based only on the pleadings and affidavits which have been submitted -- whether notice should be given to potential class members." *Id.* at 1213-14. If the court allows for notification, the court typically creates conditional certification of a representative class and allows notice to be sent to potential opt in plaintiffs. *Id.* at 1214.

At the second stage of the two-stage process, the court determines whether the class should be maintained through trial. Typically, the second stage is precipitated by a motion to decertify by the defendants, which is usually not filed until discovery is largely complete. *Id.* By engaging in the two-stage approach, as opposed to the Rule 23 approach, "the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* Should the court at this stage choose to decertify the class, the opt-in class members are dismissed from the suit without prejudice and the case proceeds only for the class representatives in their individual capacity. *Id.*

This court has previously decided to adopt the two-stage approach for FLSA collective actions. *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824 (N.D. Tex. 2007) (Fish, Chief J.) ("Based on the Fifth Circuit precedent in *Mooney* and the history within this district regarding FLSA class certifications, the court adopts the two-stage approach."). Because the court still prefers the two-stage approach, and because it appears that many Texas district courts continue to utilize it, the court adopts the two-stage approach in this case. See, e.g., *Viveros v. Flexxray LLC*, No. 4:15-CV-343-O, 2015 WL 12916414, at *2 (N.D. Tex. May 8, 2015) (O'Connor, J.) (recognizing that the majority of federal courts, including those in the Northern District of Texas, have adopted the two-stage approach).

B. <u>Application</u>

Although Davis filed his motion for notice and conditional certification first, the objections to and motion to strike filed by the Capital One defendants contend that this court should not consider or, in the alternative, strike from the record certain materials filed by Davis in support of his motion. Accordingly, the court will first consider the merits of the latter filed objections to and motion to strike before then turning to Davis's motion.

1. *The Capital One Defendants' Objections to and
Motion to Strike Sworn Statements*

The Capital One defendants object to and have filed a motion to strike from the record a series of sworn statements submitted by Davis as Exhibits C through M of his appendix filed in support of the motion for notice and conditional certification. Defendants' Motion at 1. According to the Capital One defendants, the court should either not consider these statements or, in fact, strike them from the record because the statements are "substantially identical in content, vague, speculative, conclusory, and . . . each is cut and pasted word-for-word not only between the eleven declarants [presently] in this lawsuit, but from the declarations submitted by Plaintiff's counsel in other FLSA lawsuits against different defendants." *Id.* at 2. They also contend that the boilerplate nature of the sworn statements reveals that the declarants lacked personal knowledge and credibility. *Id.* These deficiencies, the Capital One

defendants argue, render the sworn statements improper evidence and the court should strike the statements from the record. *Id.* To provide further specificity for their objections and grounds for their motion to strike, the Capital One defendants provide a comprehensive list of their individualized evidentiary objections to particular portions of the various sworn statements. See *id.* at 8-18.

In response to the Capital One defendants' motion, Davis asserts that the alleged similarity of the sworn statements goes to their weight and credibility -- determinations better left for a second stage analysis. *See* Plaintiff's Response at 3-5. As such, he continues, similarity alone is not fatal, at this stage, to the admissibility of the declarations or his motion for conditional certification. See *id.*; see, e.g., *Parker v. Silverleaf Resorts, Inc.*, No. 3:14-CV-2075-B, 2017 WL 1550522, at *7 n.9 (N.D. Tex. May 1, 2017) (Boyle, J.) ("The Court finds that similar declarations alone do not warrant the Court striking them from the record. While the weight of such declarations may be called into question during the Court's similarly situated analysis, it would be inappropriate to strike them from the record simply because they are similar."). In actuality, Davis urges, the similarity of the statements militates in favor of their admissibility at the notice stage and evinces the propriety of conditional certification. *See* Plaintiff's Response at 4; *Turner v. Nine Energy Service, LLC*, No. H-15-3670, 2016 WL 6638849, at *6 (S.D. Tex. Oct. 4, 2016) ("[W]ith regard to Defendant's argument that the declarations are too similar, this court finds

that the fact that the declarations are similar helps to support Plaintiff's position that Declarants were similarly situated."); see also *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC, 2008 WL 793838, at *4 (N.D. Cal. Mar. 24, 2008) ("How are Plaintiffs to allege that they all suffered the same injury as a result of the same corporate policy if they cannot make the same factual allegations? The notion borders on the absurd.").

Davis also contends that numerous other courts within the Fifth Circuit have rejected the personal knowledge objections offered by the Capital One defendants in this case, and that, in the end, the standard at the conditional certification stage is quite lenient and the Federal Rules of Evidence do not apply. *See* Plaintiff's Response at 5-8, 8-10; see also *Lee v. Metrocare Services*, 980 F. Supp. 2d 754, 761 (N.D. Tex. 2013) (O'Connor, J.) ("Plaintiffs need not present evidence in a form admissible at trial at the notice stage.").

In his appendix filed in support of his motion, Davis submitted eleven sworn statements from prospective members of the FLSA class. *See* Plaintiff's Appendix to His Motion for Notice and FLSA Conditional Certification at 1-2 (docket entry 31). In his reply appendix, Davis submitted two additional sworn statements. Plaintiff's Reply at 3. Since the filing of the instant motions, one the declarants, Eric Abner, appears to have withdrawn his consent to participate in this case. Plaintiff's Notice of Withdrawal of FLSA Consent(s) ("Eric Abner's Notice of Withdrawal") (docket

entry 63). While the court recognizes the overt similarity between the submitted sworn statements, the court will not strike the sworn statements solely based on the similarity of their language. See *Parker*, 2017 WL 1550522, at *7 n.9.

"Although the [c]ourt does not require [the] [p]laintiff[] to present evidence that would meet *all* of the requirements of Rule 56(e), the Declarations must be based on personal knowledge." *Lee*, 980 F. Supp. 2d at 762 (emphasis in original). In this case, the majority of the declarants worked as loan officers for the Capital One defendants for at least one year. And a few of the submitted sworn statements are from declarants who worked for the Capital One defendants for less than one year. *See* Sworn Statement of John Oaks ¶ 2 (docket entry 31-9) (specifying that he only worked as a loan officer for the Capital One defendants between February 2015 and August 2015). But all of the declarants demonstrated their personal knowledge by averring that they learned about the Capital One defendants' policies through their experiences and observations. See, e.g., *id.* ¶ 16. "District courts in Texas have held that this [foundation] is enough to establish that a declaration at this stage of the case is based on personal knowledge." *Turner*, 2016 WL 6638849, at *6 (citing, inter alia, *Lee*, 980 F. Supp. 2d at 762); *Zachary*, 2017 WL 1079374, at *4 ("At this stage, it is reasonable to infer that opt-in Plaintiffs had personal knowledge of the employment conditions of other Processors based on their own observations and experiences during their employment.").

The court, underscoring the leniency of its analysis at the notice stage, therefore overrules the Capital One defendants' objections to the submitted sworn statements and denies the motion to strike.

2. *Motion for Notice and Conditional Certification*

This case is presently at the notice stage and, as such, the only question before the court is whether the plaintiff has produced substantial allegations that there are other potential class members "similarly situated" with respect to their job requirements and compensation provisions. See *Ryan*, 497 F. Supp. 2d at 824-25; see also *Flores v. Act Event Services, Inc.*, 55 F. Supp. 3d 928, 934 (N.D. Tex. 2014) (Fish, Senior J.) ("[R]eceiving conditional certification requires plaintiffs to 'produce evidence which allows the Court to conclude that a reasonable basis exists for finding that there are other similarly situated employees who wish to opt-in to the action.'") (quoting *Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013)).

"The positions need not be identical, but similar." *Barnett v. Countrywide Credit Industries, Inc.*, No. 3:01-CV-1182-M, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (Lynn, J.) (quoting *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994)). The "similarly situated" requirement of § 216(b) is less stringent than the "similarly situated" requirement of Federal Rules of Civil Procedure 20 and 42. See *Grayson v. K Mart Corporation*, 79 F.3d 1086, 1096 (11th Cir.), *cert. denied*, 519

U.S. 982 (1992). "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Donohue v. Francis Services, Inc.*, Civ. A. No. 041-170, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004) (quoting *Whitworth v. Chiles Offshore Corporation*, Civ. A. No. 92-1504, 1992 WL 235907, at *1 (E.D. La. Sept. 2, 1992)).

In this case, Davis has proposed the following group for conditional certification:

> All persons who are, have been, or will be employed by Defendants as 'Mortgage Loan Officers' 'Mortgage Loan Originators,' 'Senior Mortgage Loan Officers,' and other individuals who originated loan products with similar job titles within the United States at any time during the last three years through the entry of judgment in this case.

Complaint ¶ 47. At the time of Davis's reply, eighteen loan officers from nine offices in Texas, New York, Maryland, Delaware, and Washington D.C. had joined the case. Plaintiff's Reply at 2. Since that time, a handful of prospective class members have withdrawn their consents to participate in this case. *See* Notice of Withdrawal of FLSA Consents(s) (docket entry 52); Eric Abner's Notice of Withdrawal.

The Capital One defendants devote significant time to explaining the different types of loan officers they employ -- specifically, inside sales personnel and outside sales personnel -- and the minute differences in their job requirements and compensation plans. *See* Defendants' Response at 3-8. The Capital One defendants

- 14 -

are correct that, even at stage one, Davis must establish that he and the members of the putative class are similarly situated with respect to their job requirements and pay provisions. But the positions need not be identical, only similar, *Barnett*, 2002 WL 1023161, at *1, and the court expressly reserves the more searching factual determination for stage two, after discovery is complete.

Davis provides evidence suggesting that the members of the putative class have (or had) the same essential job duties -- i.e., originating mortgages -- and are (or were) paid pursuant to a similar compensation plan. Plaintiff's Reply at 2. Though the Capital One defendants point out numerous differences between the inside and outside sales teams they employ, at base the members of the putative class are (or were) all tasked with one primary objective -- selling Capital One's mortgage products. This nexus is sufficient at stage one of the certification process. See *Zachary*, 2017 WL 1079374, at *2.

As for the differences in pay between different types of loan officers, while the Capital One defendants again point to differences in pay dependent on the individuals' credentials or their specific role in the sales process, Davis provides evidence suggesting that the members of the putative class are (or were) all paid in essentially the same way -- hourly pay plus commissions. *See* Jeffrey Davis's Sworn Statement ¶ 13 (docket entry 31-3). Davis also provides evidence that the Capital One defendants subjected the members of the putative class to a common policy or

plan which misclassified loan officers as exempt and discouraged non-exempt loan officers from recording their overtime hours.  *See, e.g.*, Jeffrey Davis's Sworn Statement ¶¶ 8-14.

After due consideration, the court concludes that Davis has met the lenient burden of establishing, at stage one, that he and the potential class members are similarly situated in terms of job requirements and compensation.  Davis has also successfully established that the potential class members, from a number of different offices in a number of different states, are (or were) subject to a common policy or plan.  Accordingly, the court conditionally certifies a class consisting of the following individuals:

> All persons who are, have been, or will be employed by Defendants as 'Mortgage Loan Officers' 'Mortgage Loan Originators,' 'Senior Mortgage Loan Officers,' and other individuals who originated loan products *regardless of job title* within the United States at any time during the last three years.

Complaint ¶ 47 (alteration and emphasis added).  To shift the focus from job title to job requirements, the court has made a slight change to Davis's proposed class.  The Capital One defendants will have an opportunity to renew many of their arguments and challenge the propriety of maintaining the class through trial at stage two -- after the discovery process -- through a motion to decertify.  At that stage, with more facts in hand, the court will be in a better position to conduct a more searching inquiry.

### 3. *Additional Objections*

The Capital One defendants raise several objections to Davis's proposed notice, the proposed methods of dissemination of the notice, to the ninety-day notice period, and to the proposed amount of time they have to produce the collective action list (ten days). *See* Defendants' Response at 24-25.

The plaintiff and defendants shall confer in an attempt to resolve their remaining differences regarding the proposed notice, the appropriate notice period, the appropriate timetable for production of the collective action list, and the appropriate method(s) of dissemination of the notice. Within fourteen (14) days from the date of this memorandum opinion and order, Davis shall confer with the Capital One defendants and subsequently either (1) submit a joint proposed class notice to the court for its consideration, and shall include a separate document detailing the agreed upon notice period, the agreed upon timetable for the defendants to provide the collective action list, and the agreed upon method(s) of notice dissemination; or (2) shall file a motion for approval of an opposed notice, and include a separate document containing a proposed notice period, a proposed timetable for defendants to provide the collective action list, and proposed method(s) of dissemination, after which the normal briefing schedule shall follow.

III.  CONCLUSION

For the reasons stated above, the plaintiff's motion for conditional certification is **GRANTED**.  The defendants' objections are **OVERRULED** and their motion to strike is **DENIED**.  The parties shall confer in an attempt to resolve their remaining disagreements, as discussed above.  No later than fourteen (14) days from the date of this memorandum opinion and order, the plaintiff shall electronically file either (1) a joint proposed class notice, and include a separate document detailing the additional agreed upon information described above, or (2) a motion for approval of an opposed notice, and include a separate document containing the plaintiff's proposals, as described above.

**SO ORDERED**.

August 2, 2018.

_____

**A. JOE FISH**
**Senior United States District Judge**