IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFREY DAVIS, on Behalf of Himself and All Others Similarly Situated, § § § *Plaintiff,* § § V. § § CAPITAL ONE HOME LOANS LLC and § CAPITAL ONE NATIONAL § ASSOCIATION, § § *Defendants.* § | | CIVIL ACTION NO. 3:17-CV-03236-G |

## DEFENDANTS' RULE 59(e) MOTION TO ALTER OR AMEND THE COURT'S CONDITIONAL CERTIFICATION ORDER

Defendants Capital One Home Loans, LLC, and Capital One National Association ("Capital One"), by and through counsel, file this Rule 59(e) Motion to Alter or Amend the Court's August 2, 2018 Order granting Plaintiff Jeffrey Davis's ("Plaintiff") Motion for Conditional Certification. [*See* DE 67]. By this motion, Capital One does not challenge the Court's conditional certification of a collective action, and thus will not present any newly discovered evidence or raise any new arguments.[1] Rather, Capital One challenges a narrow but important aspect of the Court's class definition—namely, the inclusion of loan officers that Plaintiff did not seek to include in the class and on whom Plaintiff presented no evidence or argument to meet his minimal burden of showing similar job requirements and pay structures. Capital One respectfully submits that the Court's decision to conditionally certify a class that exceeds the scope of Plaintiff's proposed class is a manifest error of fact or law that warrants Rule 59(e) relief.

---

[1] Capital One reserves its right to challenge conditional certification of the class by later motion or on appeal.

## I.     BACKGROUND

Plaintiff filed a motion for notice and conditional certification of his FLSA collective action on February 3, 2018.  [DE 30].  Plaintiff proposed the following collective:

> All persons who are, have been, or will be employed by Defendants as 'Mortgage Loan Officers' 'Mortgage Loan Originators,' 'Senior Mortgage Loan Officers,' and other individuals who originated loan products with similar job titles within the United States at any time during the last three years through the entry of judgment in this case.

As the court correctly noted in its August 2, 2018 Order granting Plaintiff's motion, Capital One's brief in opposition to conditional certification "devote[d] significant time to explaining the different types of loan officers they employ—specifically, inside sales personnel [or centralized loan officers] and outside sales personnel [or distributed loan officers] . . . ."  [DE 67 at 14–15].

In his reply brief, Plaintiff instructed the Court to "ignore" Capital One's briefing on the distinctions between "centralized" and "distributed" loan officers because <u>he is not seeking conditional certification of "centralized" loan officers or home equity sales consultants</u>. Specifically, Plaintiff wrote:

> <u>Defendants attempt to 'muddy the waters' by arguing that Plaintiff is seeking to certify loan officers other than 'Distributed' LOs who Defendants reclassified. Defendants are mistaken.  Plaintiff seeks conditional certification of 'Distributed' Loan Officers</u> who worked for Defendants in the last three years ('LOs'). Defendants concede these LOs have the same job duties, same pay plan, same management, and the same reclassification from exempt to non-exempt hourly employees at the same time.  <u>Plaintiff is not overreaching here; he seeks this narrow LO collective only.  Thus, this Court may ignore Defendants' briefing about 'Centralized' MLOs and 'Home Equity Sales Consultants.'</u>

[*Plaintiff's Reply In Support of His Motion for Notice and FLSA Conditional Certification*, DE 44 at 4].

Shortly after Plaintiff filed his reply brief, Capital One contacted Plaintiff's counsel and informed him that two of the individuals for whom he had filed FLSA "opt-in" consent forms—

2

Christopher Wallace and Eric Abner—were never employed by Capital One as "distributed" loan officers. Wallace and Abner were, in fact, "centralized" loan officers. Given Plaintiff's statement in his reply brief that he was not seeking to conditionally certify "centralized" loan officers, Capital One requested that he withdraw Wallace and Abner's consent forms. Plaintiff's counsel responded that he would need to confirm with Wallace and Abner that they worked as "centralized" rather than "distributed" loan officers, and once he as able to get that done, he would withdraw the consents. Plaintiff filed a notice to withdraw Wallace's FLSA consent on May 15, 2018. [DE 52]. A few weeks later, on June 19, 2018, Plaintiff filed a notice to withdraw Abner's consent. [DE 63].

In sum, Plaintiff could not have been any clearer in his reply brief—and in his subsequent withdrawal of Wallace and Abner's consent—that he did not seek to conditionally certify a class that includes "centralized" loan officers. It follows, of course, that there is no evidence or argument in the record before the Court to establish that "centralized" and "distributed" loan officers are similarly situated with respect to their job requirements and pay provisions.

Despite this, the Court's August 2, 2018 Order conditionally certified a class that includes "centralized" loan officers. [DE 67 at 16]. In other words, the Court conditionally certified a class that includes individuals whom Plaintiff did not intend to represent and did not seek to include in his class. If the Court was unaware of Plaintiff's statement in his reply brief that he was not seeking conditional certification of "centralized" loan officers and home equity sales consultants, Defendants submit that this was an inadvertent error of fact. If, on the other hand, the Court was aware of Plaintiff's statement but decided to nonetheless conditionally certify a class that is larger than the one Plaintiff sought, Capital One submits that this was a manifest error of law. In either case, Defendants respectfully request that the Court alter or amend its August 2, 2018 Order under

Rule 59(e) to reflect that the conditionally certified class includes those loan officers—and only those loan officers—that Plaintiff included in his proposed collective.

## II.   ARGUMENT

"Courts in the Fifth Circuit treat so-called motions to reconsider either as motions to alter or amend under Rule 59 or as motions for relief from judgment under Rule 60." *Brockie v. Ameripath, Inc.*, No. CIV A 306-CV-0185-G, 2007 WL 2120041, at *1 (N.D. Tex. July 23, 2007) (Fish, C.J.). "If the motion is served within ten days of the rendition of the judgment, it falls under Rule 59(e); if the motion is served after that time, it falls under Rule 60(b)." *Id*. Because this motion is filed within ten days of the Court's Order granting Plaintiff's Motion for Reconsideration, it should be treated as a Rule 59 motion.

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc*., 342 F.3d 563, 567 (5th Cir. 2003). By this motion, Capital One challenges the inclusion of loan officers that Plaintiff did not seek to include in the class and on whom Plaintiff presented no evidence or argument to meet his minimal burden of showing similar job requirements and pay structures. In short, the court's decision to conditionally certify a class more expansive than the one sought by Plaintiff is "a manifest error of law or fact" that warrants Rule 59(e) relief. *See id*.

Notably, the Court's Order does not address Plaintiff's statement in his reply brief that he never sought to certify a class that includes "centralized" loan officers or home equity sales consultants. Nor does the Court's Order address what logically follows from Plaintiff's statement, which is that there is no evidence or argument before the Court establishing that "centralized"

officers are similarly situated to loan officers in Plaintiff's proposed class.[2]  While Capital One acknowledges the Court's decision to reserve the more searching inquiry into job requirements and pay provisions for stage two of the certification process, the Court also stated in its Order that "[t]he Capital One defendants are correct that, even at stage one, [Plaintiff] must establish that he and the members of the putative class are similar with respect to their job requirements and pay provisions." [DE 67 at 14–15].  The Court's finding that Plaintiff met this burden for individuals that <u>Plaintiff concedes are not even members of his proposed collective</u> is a manifest error of law.

Indeed, Capital One is not aware of any cases in this or any other federal court conditionally certifying a FLSA collective action more expansive that the one proposed by the named plaintiff, thereby requiring zero evidence that the additional collective members are appropriately included in the collective action.  If that is the outcome here, it effectively erases stage one of the FLSA certification process.

While the Court expresses the view that Capital One's concerns about the scope of the class can be addressed through a motion for decertification after discovery, there are some serious consequences that simply cannot be undone through decertification.  First, as Judge Zainey noted in *Clay v. Huntington Ingalls, Inc.*, "too lenient an approach at the notice stage can lead to an employer being burdened by something that may be no more than a frivolous fishing expedition conducted by the plaintiff at the employer's expense."  No. 09-7625, 2011 U.S. Dist. LEXIS

---

[2] Plaintiff may point to the FLSA consents of Wallace and Abner in an effort to persuade the Court that he presented evidence on "centralized" loan officers—though he would have to admit that any such evidence was submitted inadvertently. It is true that Wallace and Abner were employed as "centralized" loan officers.  However, it is clear that Plaintiff did not know this, as he withdrew their consents after he learned that they were not part of the collective action he was seeking to conditionally certify.  On August 2, 2018—the date this Court conditionally certified a class including "centralized" loan officers—there was not a single opt-in consent from a centralized loan officer.  More to the point, Plaintiff had not presented any other evidence, or made any argument, regarding "centralized" loan officers because, by his own admission, they were not part of his proposed collective.

155351, at *14 (E.D. La. Sept. 29, 2011)*14. In addition, improvident conditional certification can—and often does—result in "significant settlements even in marginal cases." *Id*. at *15. Finally, if the case is not settled before decertification, an unwarranted conditional certification is virtually guaranteed to stir up unwarranted litigation. When a conditionally certified class is decertified, all of those who opted into the class are dismissed from the case without prejudice. *See, e.g., Johnson v. Big Lots Stores, Inc*., 561 F. Supp. 2d 567, 588 (E.D. La. 2008). Thus, many of the individuals who opted in—and who would not have even had notice of a potential claim, much less an interest in pursuing litigation, but for the earlier conditional certification and resulting notice—will then file individual actions, regardless of whether their claims have any merit. *See Clay*, 2011 U.S. Dist. LEXIS 155351, at *14 (denying a motion for conditional certification and stating, "[c]ourts, like practicing attorneys, should refrain from stirring up unwarranted litigation.").

### III.   CONCLUSION

For these reasons, Defendants respectfully request that the Court alter or amend its August 2, 2018 Order under Rule 59(e) to reflect that the conditionally certified class is no larger than the class Plaintiff sought to conditionally certify.

Respectfully submitted,


By: */s/ Kevin M. Duddlesten*
Kevin M. Duddlesten
Texas Bar No. 00793644
MCGUIREWOODS LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: (214) 932-6400
Facsimile: (214) 932-6499
kduddlesten@mcguirewoods.com

W. Joseph Miguez
Texas Bar No. 24037107
MCGUIREWOODS LLP
816 Congress Ave., Suite 940
Austin, Texas 78701
Telephone: (512) 617.4524
Facsimile: (512) 617.4582
jmiguez@mcguirewoods.com

Christopher M. Michalik
Virginia Bar No. 47817*
Elizabeth P. Redpath
Georgia Bar No. 979358*
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-4343
Facsimile: (804) 225-5411
cmichalik@mcguirewoods.com
eredpath@mcguirewoods.com


**ATTORNEYS FOR DEFENDANTS
CAPITAL ONE HOME LOANS LLC and
CAPITAL ONE NATIONAL ASSOCIATION**

*Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 10, 2018, the foregoing document was duly served in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure as follows:

*Electronic Case Filing*
J. Derek Braziel
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 7522

*Electronic Case Filing*
Rowdy B. Meeks
ROWDY MEEKS LEGAL GROUP
8201 Mission Road, Suite 250
Prairie Village, Kansas 66208

                */s/ Kevin M. Duddlesten*
                Kevin M. Duddlesten