UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY DAVIS, on Behalf of Himself and All Others Similarly Situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:17-CV-3236-G |
| | ) | |
| CAPITAL ONE HOME LOANS, LLC, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Capital One Home Loans, LLC, and Capital One National Association (collectively "Capital One") to alter or amend this court's August 2, 2018 Memorandum Opinion and Order (docket entry 67) granting the plaintiff Jeffrey Davis ("Davis")'s motion for conditional certification (docket entry 30). *See* Motion to Amend (docket entry 68). For the reasons stated below, the defendants' motion is **DENIED**.

## I. BACKGROUND

A full statement of the factual and procedural background of this case can be found in the court's August 2, 2018 Memorandum Opinion and Order. *See* Memorandum Opinion and Order at 2-4. To address Capital One's motion to

amend, the court need only summarize the factual and procedural history relevant to
Capital One's motion.

On February 23, 2018, Davis filed a motion for notice and conditional
certification of his collective action claims brought under the Fair Labor Standards
Act ("FLSA"). *See* Plaintiff's Motion for Notice and FLSA Conditional Certification.
By way of this motion, Davis sought to conditionally certify a class consisting of:

> All persons who are, have been, or will be employed by
> [Capital One] as "Mortgage Loan Officers" "Mortgage
> Loan Originators," "Senior Mortgage Loan Officers," and
> other individuals who originated loan products with similar
> job titles within the United States at any time during the
> last three years through the entry of judgment in this case.

Plaintiff's Original Complaint (docket entry 1) ¶ 47; Plaintiff's Motion for Notice
and FLSA Conditional Certification at 10-15 (arguing that Davis has met his burden
of demonstrating that all class members are similarly situated).

On August 2, 2018, the court issued a Memorandum Opinion and Order
granting Davis's motion for notice and conditional certification of his collective
action claims. *Id*. at 13-18.  The court granted Davis's motion because it found that
"[a]fter due consideration . . . Davis ha[d] met the lenient burden of establishing, at
stage one [of the two stage certification process for collective actions], that he and the
potential class members are similarly situated in terms of job requirements and
compensation[,]" and that he and the potential class members "are (or were) subject
to a common policy or plan." *Id*. at 16.

- 2 -

In particular, the court concluded that Davis had established that he and the potential class members were similarly situated in terms of job requirements because Davis had provided "evidence suggesting that the members of the putative class have (or had) the same essential job duties – i.e., originating mortgages – and are (or were) paid pursuant to a similar compensation plan." *Id*. at 15. Moreover, the court concluded that Davis had established that he and potential class members were similarly situated in terms of compensation because Davis provided "evidence suggesting that the members of the putative class are (or were) all paid in essentially the same way – hourly pay plus commissions." *Id*. (citing Jeffrey Davis's Sworn Statement (docket entry 31-3) ¶ 13). The court also concluded that Davis established that he and potential class members were subject to a common policy or plan because Davis, by way of his sworn statement, provided evidence of a common policy or plan which "misclassified loan officers as exempt and discouraged non-exempt loan officers from recording their overtime hours." *Id*. at 16 (citing Jeffrey Davis's Sworn Statement ¶¶ 8-14). Accordingly, this court granted Davis's motion and conditionally certified a class consisting of the following individuals:

> All persons who are, have been, or will be employed by
> [Capital One] as 'Mortgage Loan Officers' 'Mortgage Loan
> Originators,' 'Senior Mortgage Loan Officers,' and other
> individuals who originated loan products *regardless of job
> title* within the United State at any time during the last
> three years.

*Id.* While recognizing that by shifting the focus from job title to job requirements this court conditionally certified a class that differed slightly from the class proposed by Davis, the court explained that Capital One would have "an opportunity to renew many of their arguments and challenge the propriety of maintaining the class through trial at stage two – after the discovery process – through a motion to decertify." *Id.* "At that stage, with more facts in hand, the court will be in a better position to conduct a more searching inquiry." *Id.*

On August 10, 2018, eight days after the memorandum opinion and order was issued and well before this litigation entered stage two of the certification process, Capital One filed its motion to alter or amend this court's memorandum opinion and order. *See* Motion to Amend. Davis filed his response to Capital One's motion to alter or amend on August 31, 2018. *See* Plaintiff's Response (docket entry 75). Shortly thereafter, on September 13, 2018, Capital One filed its reply. Defendants' Reply (docket entry 80). Capital One's motion is now ripe for decision.

## II. ANALYSIS

### A. Standard for Motion for Reconsideration

"Courts in the Fifth Circuit treat so-called motions to reconsider either as motions to alter or amend under Rule 59 or as motions for relief from judgment under Rule 60." *Carolina Casualty Insurance Co. v. James Sowell Co.*, No. 3:07-CV-0584-G, 2007 WL 3129467, at *1 (N.D. Tex. Oct. 25, 2007) (Fish, Chief

J.).  "If the motion is served within ten days of the rendition of the judgment, it falls under Rule 59(e); if the motion is served after that time, it falls under Rule 60(b)." *Id*.  Here, there is no question that Capital One filed its motion to amend within ten days of this court's memorandum opinion and order granting Davis's motion for conditional certification.  *See* Motion to Amend.  Accordingly, this court must treat Capital One's motion as a motion to amend under Federal Rule of Civil Procedure 59(e).

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Equal Employment Opportunity Commission v. Methodist Hospitals of Dallas*, No. 3:15-CV-3104-G, 2017 WL 930923, at *1 (N.D. Tex. Mar. 9, 2017) (Fish, Senior J.) (quoting *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).  "Importantly, a 'Rule 59(e) motion is not proper to relitigate matters that have been resolved to the movant's dissatisfaction' and a party cannot attempt to obtain a 'second bite at the apple' on issues that were previously addressed by the parties and the court." *Id*. (quoting *Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 142086, at *2 (W.D. Tex. June 14, 2005)).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id*. (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473,

479 (5th Cir.), *cert. denied*, 543 U.S. 976 (2004)).  "Indeed, the remedy is so

extraordinary that the standard under Rule 59(e) favors denial of motions to alter or

amend a judgment."  *Berry v. Indianapolis Life Insurance Company*,

No. 3:08-CV-0248-B, 2009 WL 1979262, at *1 (N.D. Tex. July 8, 2009) (Boyle, J.)

(citations and internal quotations omitted).  Ultimately, "[t]he decision to alter or

amend the judgment under Rule 59(e) is within the district court's discretion."

*Centerboard Securities, LLC v. Benefuel, Inc.*, No. 3:15-CV-2611-G, 2017 WL 1091599,

at *1 (N.D. Tex. Mar. 23, 2017) (Fish, Senior J.) (citing *Stroman v. Thaler*, No.

3:05-CV-1616-D, 2009 WL 3295128, at *1 (N.D. Tex. Oct. 9, 2009) (Fitzwater,

Chief J.) (citations omitted)).

## B.  Application

In its motion to amend, Capital One argues that this court should amend its

previous memorandum opinion and order because this court committed a manifest

error of fact or law by conditionally certifying a class larger than the class originally

proposed by Davis.  Motion to Amend at 3-5.  Specifically, Capital One takes issue

with this court's conditional certification of a class that includes "other individuals

who originated loan products regardless of job title[,]" Memorandum Opinion and

Order at 16, as this class would include centralized loan officers and/or home equity

sales consultants.  *Id*. at 3-6.  Capital One submits that conditionally certifying this

class was a manifest error of fact because Davis stated in his reply brief concerning his

- 6 -

motion to conditionally certify that he was not seeking conditional certification of centralized loan officers or home equity sales consultants.  *Id*. at 2-3 ("If the Court was unaware of [Davis's] statement in his reply brief that he was not seeking conditional certification of 'centralized' loan officers and home equity sales consultants, [Capital One] submits that this was an inadvertent error of fact."). Moreover, Capital One maintains that this court's conditional certification was a manifest error of law because, based on Davis's statements in his reply brief, Davis failed to meet his burden of establishing that centralized loan officers and home equity sales consultants were similarly situated to other members of the putative class in terms of job requirements and compensation.  *Id*. at 3, 5.

Capital One also stresses the magnitude of the court's error, arguing that by conditionally certifying a class more expansive than the class Davis proposed, the court has effectively allowed Davis to pass stage one of the certification process while providing no evidence "that the additional collective members are appropriately included in the collective action."  *Id*. at 5.  Capital One argues the court's memorandum opinion and order therefore "effectively erases stage one of the FLSA certification process."  *Id*.  Additionally, Capital One warns the that the court's decision could result in Davis conducting a frivolous fishing expedition during discovery and stirring up unwarranted litigation in the future.  *Id*. at 5-6.

In response to Capital One's motion, Davis maintains that the court did not err in conditionally certifying a class different than the class Davis originally sought. Plaintiff's Response at 2.  In particular, Davis maintains that by bringing this motion Capital One is attempting to obtain an improper "second bite of the apple" of conditional certification by rehashing arguments Capital One already made before the court.  *Id*. at 2, 10.  Davis also submits that he wrote in his reply brief that he was not seeking conditional certification of centralized loan officers because "he planned to obtain conditional certification of distributed loan officers first" before filing a second conditional certification motion covering centralized loan officers and home equity consultants.  *Id*. at 5.  In fact, Davis avers that if the court grants Capital One's motion to amend, he will file a second motion for conditional certification which covers centralized loan officers and home equity consultants.  *Id*.

Furthermore, Davis argues that Capital One has failed to show that the court committed a manifest error of fact or law because Capital One failed to cite any case law demonstrating that the court's decision to certify a class larger than the class originally sought by plaintiff constitutes error.  *Id*. at 7.  Moreover, Davis avers that Capital One is incorrect in claiming that Davis failed to satisfy his evidentiary burden of establishing that distributed loan officers, centralized loan officers, and home equity consultants were similarly situated in terms of job requirements and pay structures.  *Id*. at 8.  Specifically, Davis contends that both parties submitted

- 8 -

evidence which established that all loan officers and home equity consultants were:
(1) tasked with the primary duty of selling Capital One mortgage products; (2) paid
in the same manner (hourly plus commission); (3) subject to the same non-exempt
employee time tracking policy; and (4) subject to the same code of business conduct
and ethics. *Id*. at 8-9.

In addition to responding to Capital One's arguments, Davis – in his
response – asks the court to order Capital One immediately to provide Davis with the
applicable list of all individuals who have originated mortgage products in the United
States in the last three years, including centralized loan officers and home equity
consultants. *Id*. at 11. Davis also asks the court to equitably toll the FLSA statute of
limitations from August 23, 2018 (the date Capital One produced the distributed
loan officer list) until the date Capital One produces a complete loan officer list. *Id*.
Davis contends that if the court does not equitably toll the FLSA statute of
limitations, Capital One will benefit from the delay caused by its motion to amend.
*Id*.

In its reply, Capital One submits that it is not trying to obtain a second bite by
rehashing old arguments. Defendants' Reply at 2. Rather, Capital One insists that it
is simply raising new arguments about the size of the class conditionally certified by
the court. *Id*. Additionally, Capital One reiterates its arguments that Davis
presented no evidence establishing that centralized loan officers and home equity

sales consultants are similarly situated to other members of the class conditionally

certified by the court.  *Id*. at 3.  As for Davis's claim that both parties presented

evidence establishing that all loan officers and home equity consultants shared similar

job duties and received payments in the same manner, Capital One argues that its

evidence actually establishes that centralized loan officer and home equity

consultants differ from other members of the class certified by the court.  *Id*.  For

instance, Capital One claims that its evidence shows that unlike other members of

the class certified by the court, centralized loan officers and home equity consultants

were never misclassified as exempt.  *Id*. at 3 n.2.

Capital One also addresses Davis's request for equitable tolling in its reply

brief.  *Id*. at 5-7.  In Capital One's view, Davis has failed to meet his heavy burden of

establishing that equitable tolling is appropriate in response to Capital One's motion

to amend, since Davis has failed to establish that he is diligently pursuing his rights,

or that Capital One's motion to amend has prevented Davis from asserting his rights.

*Id*. at 6.

After reviewing both parties' arguments and revisiting the evidence submitted

by both parties on Davis's motion for conditional certification, the court declines

Capital One's invitation to amend its memorandum opinion and order.

First, the court disagrees with Capital One's contention that the court's

memorandum opinion and order conditionally certifying a class slightly different than

the class proposed by Davis constitutes a manifest mistake of fact.  Capital One's

argument is that the court committed a mistake of fact because it ignored, or may

have been unaware of, a portion of Davis's reply brief where Davis stated he only

sought to conditionally certify a class consisting of distributed loan officers.  *See*

Motion to Amend at 2-3; *see also* Plaintiff's Reply in Support of his Motion for Notice

and FLSA Conditional Certification (docket entry 44) at 4 ("Plaintiff seeks

conditional certification of 'Distributed' Loan Officers who worked for Defendants in

the last three years . . . he seeks this narrow [Loan Officer] collective only").  Capital

One is mistaken.  The court was fully apprised of both parties' arguments as well as

the specific statements contained within Davis's reply brief.  In fact, in its prior

memorandum opinion and order, the court acknowledged that by shifting the focus

from job title to job requirements, this court conditionally certified a class different

than the class sought by Davis in his pleadings.  *See* Memorandum Opinion and

Order at 16.  Nevertheless, the court concluded that conditionally certifying such a

class was appropriate because Davis had "met the lenient burden of establishing, at

stage one, that he and the potential class members are similarly situated in terms of

job requirements and compensation." *Id*.  Accordingly, the court does not find that

its previous memorandum opinion and order contained a manifest mistake of fact.

Second, the court disagrees with Capital One's argument that its decision to

conditionally certify a class different than the class sought by Davis constituted a

manifest mistake of law.  Capital One submits that the court's decision was a mistake of law because by conditionally certifying a class containing centralized loan officers and home equity sales consultants, the court allowed Davis to bypass stage one of the two stage certification process without presenting any evidence that these groups were similarly situated with respect to job requirements and compensation.  Motion to Amend at 4-5; Defendants' Reply 4-5.  Specifically, because in Davis's reply brief he stated that he only sought conditional certification of distributed loan officers, Capital One submits that Davis produced "zero 'allegations' (much less evidence or argument)" as to whether centralized loan officers and home equity sales consultants were similarly situated to the rest of the class.  Defendants' Reply at 5.  Again, the court cannot agree with Capital One.

As the court stated in its memorandum opinion and order, although Capital One pointed out "numerous differences" between distributed loan officers, centralized loan officers, and home equity sales consultants, Davis provided evidence which satisfied his lenient burden of showing that the members of the putative class were all similarly situated.  *See* Memorandum Opinion and Order at 15.

First, the court found that Davis had provided evidence that the members of the class conditionally certified by the court are (or were) all tasked with the primary objective of selling Capital One's mortgage products.  *Id*. (citing Plaintiff's Reply in Support of his Motion for Notice and FLSA Conditional Certification at 2); *see also*

Plaintiff's Appendix to his Motion for Notice and FLSA Conditional Certification (docket entry 31), Exhibits C-M at 28-91; Plaintiff's Appendix to his Reply in Support of his Motion for Notice and FLSA Conditional Certification (docket entry 45), Exhibits P-Q at 107-118; Defendants' Appendix to Their Response in Opposition to Plaintiff's Motion for Notice and FLSA Conditional Certification (docket entry 36), Exhibits A-E at 2-23.  As the court stated in its memorandum opinion and order, having the same primary objective was a sufficient factual nexus for stage one of the certification process.  Memorandum Opinion and Order at 15 (citing *Zachary v. Cobalt Mortgage, Inc.*, No. 4:16-CV-00754, 2017 WL 1079374, at *2 (E.D. Tex. Mar. 22, 2017)).

Second, Davis provided evidence suggesting that the members of the class certified by this court are (or were) paid in a similar manner.  *Id.* (citing Jeffrey Davis's Sworn Statement ¶ 13); *see also* Plaintiff's Appendix to his Reply in Support of his Motion for Notice and FLSA Conditional Certification, Exhibits P-Q at 107-118; Defendants' Appendix to Their Response in Opposition to Plaintiff's Motion for Notice and FLSA Conditional Certification, Exhibits A-E at 2-23.  While the court acknowledged that Capital One provided evidence which pointed to some differences in compensation among members of the class, the court found that Davis's evidence showed that at base all members were paid in "essentially the same way – hourly pay plus commissions."  Memorandum Opinion and Order at 15.

- 13 -

Finally, Davis provided evidence that members of the class were all subject to a common policy or plan. *Id*. at 15-16 (citing Jeffrey Davis's Sworn Statement ¶¶ 8-14). Specifically, this court found that Davis's evidence suggested that all class members were subjected to a policy which "misclassified loan officers as exempt and discouraged non-exempt officers from recording their overtime hours." *Id*. at 16. Accordingly, the court cannot agree with Capital One that the decision to conditionally certify a class which included centralized loan officers and home equity sales consultants was made with no evidence and thus constituted a mistake of law.

All in all, while the court understands Capital One's concerns, it would like to remind Capital One that they "will have an opportunity to renew many of their arguments and challenge the propriety of maintaining the class through trial at stage two – after the discovery process – through a motion to decertify." Memorandum Opinion and Order at 16. Nevertheless, Capital One argues that it may face serious consequences "that simply cannot be undone through decertification." Motion to Amend at 5. First, Capital One warns that this court's conditional certification may result in Capital One being subject to a "frivolous fishing expedition." *Id*. While this may be a possibility – the key word being "may" – abusive discovery practices can be properly checked during discovery. The mere possibility that Capital One may be subject to abusive discovery does not justify granting Capital One's motion and preventing discovery of materials related to certain class members. After all, it is only

- 14 -

after the discovery process has concluded that this court "will be in a better position to conduct a more searching inquiry [as to the propriety of maintaining the class through trial]." Memorandum Opinion and Order at 16.

Second, Capital One warns that "improvident conditional certification can . . . result in significant settlements even in marginal cases." Motion to Amend at 6 (internal quotations omitted). Similarly, Capital One claims that the court's conditional certification will likely stir up unwarranted future litigation. Again, although these results could happen, these hypothetical consequences are not enough to convince the court of Capital One's position.

Finally, the court must address Davis's request for equitable tolling. In his response brief, Davis alleges that equitable tolling is necessary because Capital One benefits from the delay caused by its motion to amend through the daily expiration of the FLSA statute of limitations. Plaintiff's Response at 11. Moreover, Davis submits that if equitable tolling is not granted, going forward "every FLSA defendant will file a rule 59(e) motion to further expire the FLSA statute of limitations." *Id*. After reviewing both parties' arguments, this court agrees with Capital One that Davis has failed to satisfy his burden of demonstrating that this is one of the "rare and exceptional" cases where equitable tolling applies. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) ("Equitable tolling applies only in rare and exceptional circumstances.") (internal quotations and citations omitted). Put simply, Davis's

cursory arguments in his response brief fail to show that Davis has been prevented from asserting his rights or that he has been pursuing his rights diligently.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.").  Consequently, the court declines to grant Davis's request for equitable tolling.  Going forward, if Davis seeks equitable tolling due to Capital One's motion to amend, he should file a separate motion seeking this relief.

### III.  CONCLUSION

For the reasons stated above, Capital One's motion to amend is **DENIED** and Davis's request for equitable tolling is **DENIED**.  In addition, Capital One shall provide Davis with the applicable list of all individuals who have originated loan products regardless of job title within the United States at any time during the last three years.

**SO ORDERED**.

February 6, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**