UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFREY DAVIS, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>VS.<br><br>CAPITAL ONE HOME LOANS, LLC, ET AL.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>3:17-CV-3236-G |

## MEMORANDUM OPINION AND ORDER

Before the court are the parties' consent motion for leave to file under seal ("Motion for Leave") (docket entry 124) and joint motion for approval of confidential settlement agreement and release ("Motion for Approval") (docket entry 125). For the reasons set forth below, the motion for leave is **DENIED**, and the parties are **ORDERED** to advise the court within 14 days whether they continue to request approval of their settlement agreement.

## I. BACKGROUND

This case arises from the defendants' Capital One Home Loans, LLC and Capital One National Association (collectively "Capital One") alleged failure to pay the named plaintiff Jeffrey Davis ("Davis") and similarly situated Capital One

employees minimum wage and overtime pay, in violation of the Fair Labor Standards Act ("FLSA").

A full statement of the factual and procedural background of this case can be found in the court's August 2, 2018 memorandum opinion and order. *See* Memorandum Opinion and Order (docket entry 67) at 2-4. To address the parties' motion for leave and motion for approval, the court need only summarize the factual and procedural background relevant to these motions.

On November 28, 2017, Davis filed his original complaint on behalf of himself and all others similarly situated, alleging a single claim against Capital One for violation of the FLSA. Plaintiff's Original Complaint ("Complaint") (docket entry 1) at 10. Davis was employed by Capital One as a mortgage loan officer from approximately November 2014 through October 2015. *Id.* at 3. The crux of the plaintiffs' FLSA claim is that Capital One failed to pay Davis and other similarly situated loan officers and loan originators minimum wage and overtime wages for hours worked in excess of forty hours per week.

During and following a mediation session on February 4, 2020, the parties reached a settlement agreement. On March 19, 2020, the parties filed their motion for approval, seeking the court's approval of the settlement agreement, as required by law.[1] *See* Memorandum in Support of Joint Motion for Approval of Confidential

---

[1] Under Section 216(b) of the FLSA, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353

Settlement Agreement and General Release (docket entry 126) at 2. Also on March 19, 2020, the parties filed their motion for leave, seeking the court's leave to file their settlement agreement under seal. *See* Motion for Leave. Neither motion is opposed, and both are ripe for determination.

## II.  ANALYSIS

By their motion for leave and motion to approve, the parties seek leave to file their settlement agreement under seal, approval of their settlement agreement, and dismissal of this case. The court considers the motions in turn.

### A.  Motion for Leave to File an FLSA Settlement Agreement Under Seal

When the parties to an FLSA wage-settlement case submit a settlement agreement for the court's approval, "there is a strong presumption in favor of keeping the settlement agreement[] . . . unsealed and available for public review. The public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality." *Parrish v. Defender Security Company*, No. 3:10-CV-2604-D, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013) (Fitzwater, C.J.) (quoting *Rodriguez v. El Polio Regio, Inc.*, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012) (Fitzwater, C.J.)). "The overwhelming consensus of district courts that have considered the issue hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." *Id.* (citing *Rodriguez*, 2012 WL 5506130, at *1) (brackets omitted); see also *Weismantle*

---

(11th Cir. 1982).

*v. Jali*, No. 2:13-CV-01087, 2015 WL 1866190, at *2 (W.D. Pa. Apr. 23, 2015) ("[A]bsent something very special in a very specific case which generates a very good reason above and beyond the desire of the parties to keep the terms of an FLSA settlement out of the public's view, if the parties want the [c]ourt to approve the substance of an FLSA settlement agreement, it cannot be filed under seal."); *Parrish*, 2013 WL 372940, at *1 (citing *Stalnaker v. Novar Corporation*, 293 F.Supp. 2d 1260, 1264 (M.D. Ala. 2003)) (citing with approval *Stalnaker*'s "listing [of] trade secrets, identity of informants, privacy of children, or scandalous or libelous information as compelling reasons to seal settlement agreements").

Here, the parties do not point to any case in which a court granted leave to file an agreement to settle FLSA claims under seal. The parties assert, however, that the agreement should be filed under seal because:

> (1) confidentiality is a material term of the Agreement without which settlement may not have been possible; (2) public disclosure of the terms of the Agreement may harm Defendants by encouraging other lawsuits; (3) the individual facts of this case were significant in settlement negotiations and keeping the terms of the Agreement confidential will allow settlement negotiations in similar cases to focus on the merits of each individual case; (4) unsealing the Agreement and revealing its terms may chill the efforts of future litigants to settle FLSA claims; (5) sealing protects the privacy interests of the Parties; (6) the non-FLSA claims addressed do not require Court approval and would otherwise remain private; and (7) sealing the Agreement, consistent with the Parties' wishes, facilitates the early resolution of the Parties' dispute and conserves judicial resources.[2]

---

[2] The court notes that the parties' sixth proffered reason why the settlement agreement should be filed under seal appears to be a typographical error

Memorandum in Support of Consent Motion for Leave to File Under Seal ("Memorandum in Support") (docket entry 124-1) at 3-4. The court concludes that none of the parties' assertions present a "very special" circumstances "which generates a very good reason above and beyond the desire of the parties to keep the terms of an FLSA settlement out of the public's view." See *Weismantle*, 2015 WL 1866190, at *2. Rather, the parties' asserted reasons to seal the settlement agreement appear "more akin to a business's general interest in keeping its legal proceedings private, and [are thus] insufficient to overcome the presumption of public access." *Parrish*, 2013 WL 372940, at *1 (citation and internal brackets omitted); see also *Weismantle*, 2015 WL 1866190, at *2 (denying motion for leave to file FLSA settlement agreement under seal where the "reasons articulated for sealing the settlement agreement . . . boil[ed] down to a recitation of the parties' desire that the public not know their financial business, coupled with a contention that there is no public interest to be served by the disclosure of the" agreement).

Accordingly, the parties' motion for leave to file their settlement agreement under seal is denied.

### B. Motion for Approval of FLSA Settlement Agreement

Under section 216(b) of the FLSA, "when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement,

---

or the product of a copy-and-paste job gone awry, as the plaintiffs in this case have not asserted any "non-FLSA claims." *See* Complaint.

the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Diaz v. Panhandle Maintenance*, LLC, No. 2:18-CV-097-Z, 2020 WL 587644, at *2 (N.D. Tex. Feb. 6, 2020) (Kacsmaryk, J.) (quoting *Lynn's Food Stores*, 679 F.2d at 1353). In approving a proposed settlement agreement that compromises FLSA claims, courts consider two primary factors: "(1) [whether] the settlement resolves a bona fide dispute over FLSA provisions, and (2) [whether] the resolution is fair and reasonable." *Id.* (citing *Lee v. Metrocare Services*, 3:13-CV-2349-O, 2015 WL 13729679, at *3 (N.D. Tex. July 1, 2015) (O'Connor, J.)).

Here, upon review of the pleadings, motions, and settlement agreement in this case, the court concludes that the settlement agreement appears to resolve a bona fide dispute over FLSA provisions between the parties, and that the agreement is neither unfair nor unreasonable. The court is therefore inclined to approve the terms of the agreement and to dismiss this lawsuit with prejudice. The parties, however, maintain that "confidentiality is a material term of the [a]greement without which settlement may not have been possible." Memorandum in Support at 3. Accordingly, the parties are ordered to advise the court in writing within 14 days from the date of this memorandum opinion and order "whether they continue to request approval of the settlement, with the understanding that the settlement will be approved, but the settlement agreement will be unsealed. The settlement agreement will remain sealed until the court has considered and acted upon the parties' response." See *Parrish*, 2013 WL 372940, at *2.

III. CONCLUSION

In accordance with the foregoing, the parties' motion for leave to file their settlement agreement under seal (docket entry 124) is **DENIED**. The court declines to rule on the parties' motion for approval of the settlement agreement (docket entry 125), however, until the court has considered and acted upon the parties' response to this memorandum opinion and order. The parties are **ORDERED** to file their response, stating whether they continue to request approval of the settlement agreement, by no later than **June 3, 2020** (14 days from the date of this memorandum opinion and order).

**SO ORDERED**.

May 20, 2020.

_A. Joe Fish_
A. JOE FISH
Senior United States District Judge